DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JEAN PIERRE SKOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2013-100 |
| | ) | |
| | ) | |
| JENNIFER SKOV, KAREN SKOV, | ) | |
| GIFFORD, ASTA S. MOORE, CARLOS | ) | |
| RAYMOND SKOV, LAURA ROSA KOCK | ) | |
| a/k/a LAURA ROSA KOCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ATTORNEYS:

**Ellen G. Donovan, Esq.**
Law Office of Ellen G. Donovan
Christiansted, VI
        *For Jean Pierre Skov,*

**Asta S. Moore**
Sarasota, FL
        *Pro se.*

**Carlos Raymond Skov**
St. Croix, VI
        *Pro se.*

**Laura Rosa Kock a/k/a Laura Rosa Koch**
Suwannee, GA
        *Pro se.*


<u>ORDER</u>

GÓMEZ, J.

        Before the Court is the motion of Jean Pierre Skov for
partition and the appointment of referees.

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 2

## I.   FACTUAL AND PROCEDURAL HISTORY

On October 29, 2013, Jean Pierre Skov filed a complaint in which he sought partition of certain real property described as follows:

> Plot No. 20, consisting of 0.861 U.S. Acres, more or less; Plot No. 26, consisting of 3.527 U.S. Acres, more or less; Plot No. 29, consisting of 2.530 U.S. Acres, more or less; of Estate Teagues Bay, East End Quarter "B" as more fully shown on OLG Drawing No. 4630 dated May 3, 1900, as revised on September 12, 1990;
>
> Plot No. 34, consisting of 1.8650 U.S. Acres, more or less of Estate Teagues Bay, East End Quarter "B", as more fully shown on OLG Drawing No. 5195, dated January 3, 2001 as revised January 18, 2001; and
>
> Remainder of Estate Teagues Bay, East End Quarter "B", consisting of approximately 11.217 U.S. Acres, more or less as more fully shown on OLG Drawing No. 5196 dated January 3, 2001 as revised on September 18, 2001 . . . [(collectively, the "Property")]."

ECF No. 1, at ¶ 8.

In his complaint, he named as defendants Jennifer Skov; Karen Skov Gifford; Asta S. Moore; Carlos Raymond Skov; and Laura Rosa Kock a/k/a Laura Rosa Koch ("Laura Koch"). The docket reflects that executed summonses were returned for Jennifer Skov, Karen Skov Gifford, and Asta S. Moore. ECF Nos. 15, 17, 18. In addition, counsel for Jean Pierre Skov filed notarized documents signed by Carlos Raymond Skov and Laura Koch in which those defendants "voluntarily appear[ed]," "waive[d] service of a Summons," "acknowledged receipt of the Complaint," "admitted

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 3

all of the allegations in the Complaint," and "consented to the granting of the relief requested in the Complaint . . . ." ECF Nos. 13, 14.

On December 2, 2013, Asta Moore filed an answer to the complaint. ECF No. 16. On December 28, 2013, default was entered against Jennifer Skov and Karen Skov Gifford.

Jean Pierre Skov then filed a motion seeking partition and the appointment of referees.

Subsequently, the Court ordered Jean Pierre Skov to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction for failure to allege the citizenship of the parties. ECF No. 24.

In response, Jean Pierre Skov sought leave to amend his complaint to allege the citizenship of the parties. ECF No. 26. The Court denied the motion to amend the complaint without prejudice for failure to attach a copy of the proposed amended complaint with the motion. ECF No. 27.

The Court then denied the motion for partition and appointment of referees without prejudice on the basis that Jean Pierre Skov had not adduced sufficient competent proof for the Court to find that he was entitled to the relief that he sought. ECF No. 31.

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 4

Thereafter, Jean Pierre Skov filed a second motion to amend his complaint to plead the citizenship of the parties. ECF No. 30. The Court granted that motion to amend. ECF No. 32. Jean Pierre Skov then filed the first amended complaint. ECF No. 33.

Subsequently, Jean Pierre Skov sought leave to amend his complaint to substitute Laura Rosa Koch, Trustee of the Laura Rosa Koch Revocable Trust u/t/a dated October 23, 2003 as a defendant ("Laura Koch, as trustee"), removing Laura Koch. ECF No. 34. Counsel for Jean Pierre Skov also filed a document signed by "Laura Rosa Koch, Trustee a/k/a Laura Rosa Kock" in which she consented to the amendment and "acknowledge[d] that . . . [she] hold[s] title to the properties . . . that are the subject of . . . [this] action as Laura Rosa Koch, as Trustee of the Laura Rosa Koch Revocable Trust u/t/a dated October 23, 2003." ECF No. 35.

The Court granted the motion to amend the first amended complaint. ECF No. 36. Jean Pierre Skov then filed the second amended complaint. ECF No. 37.

Thereafter, Jean Pierre Skov filed the instant motion seeking partition of the Property. ECF No. 38.

## II.   ANALYSIS

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 5

There are a number of procedural issues presented by this motion. When a plaintiff files a partition action, Virgin Islands law provides that:

> [t]he interest of all persons in the property, whether such persons are known or unknown, shall be set forth in the complaint, specifically and particularly, as far as known to the plaintiff. If one or more of the parties, or the share or quantity of interest of any of the parties, is unknown to the plaintiff, or are uncertain or contingent, or the ownership of the inheritance depends upon an executory devise, or the remainder is a contingent remainder, so that such parties cannot be named, that fact shall be set forth in the complaint.

28 V.I.C. § 452.

> The summons shall be directed by name to all the tenants in common who are known, and in the same manner to all lien creditors who are made parties to the action, and generally to all persons unknown, having or claiming an interest or estate in the property.

28 V.I.C. § 454. Therefore, all of the tenants in common are necessary parties to this action.

Proper service in one capacity does not constitute proper service in all capacities. *See Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980)("Micklus concedes that the requirements of Rule 4(d)(1) were not met . . . He nevertheless argues that once Carlson was properly served in his official capacity, he was properly before the court in both individual and official capacities. We reject this argument."). Logically then, a waiver

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 6

of service in one capacity does not constitute a waiver of service in all capacities.

Here, Laura Koch waived service. Nevertheless, to the extent that she remains in this action after the filing of the second amended complaint, it is in her capacity as Trustee of the Laura Rosa Koch Revocable Trust u/t/a dated October 23, 2003.

There is no evidence that she has ever been served in that capacity. She has also never expressly waived service in that capacity. Her only filing is an admission that she does own the property as a trustee and a request that the Court permit Jean Pierre Skov to amend the complaint. ECF No. 35. That filing was made before Laura Koch, as trustee, was added as a defendant in this action.

Therefore, this motion must be denied because there is no evidence that all of the necessary parties have been served or waived service in their proper capacities.

Even if service were proper, the Court still could not grant the relief requested. Neither Jennifer Skov nor Karen Skov Gifford have appeared in this action. As such, they are in default. In federal court, "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee,

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 7

conservator, or other such representative who has appeared therein." Fed. R. Civ. P. 55(b)(2); *see also Murphy v. C.W.,* 158 Fed. Appx. 393, 396 (3d Cir. 2006). Furthermore, a plaintiff moving for default judgment must file an affidavit stating that the defendant is not in military service. 50 U.S.C. § 3931(b)(1).

The process server's affidavit of service for Jennifer Skov states that he "asked <u>Jennifer Skov</u> if she was active in the military, and she said that she's not." ECF No. 17, at ¶ 5 The process server's affidavit of service for Karen Skov Gifford states that the process server "asked <u>Karen Scov</u> [sic] <u>Gifford</u> if she was active in the military, and she said that she's not." ECF No. 18, at ¶ 5. As such, Jean Pierre Skov has established that neither Jennifer Skov nor Karen Skov Gifford is a member of the military.

There is not, however, any evidence on the record establishing that Jennifer Skov and Karen Skov Gifford are not minors or incompetent. Therefore, even if all of the necessary parties had been served, the Court could not grant Jean Pierre Skov the relief he seeks at this time.[1]

The premises considered, it is hereby

---

[1] The Court does not reach the issue of whether Jean Pierre Skov has otherwise met his evidentiary burden.

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 8

      **ORDERED** that the motion for partition and appointment of

referees is **DENIED** without prejudice.


                  **S_____**
                        **Curtis V. Gómez**
                        **District Judge**