DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

JEAN PIERRE SKOV,                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Civil No. 2013-100
                                   )
                                   )
JENNIFER SKOV, KAREN SKOV,         )
GIFFORD, ASTA S. MOORE, CARLOS     )
RAYMOND SKOV, LAURA ROSA KOCK      )
a/k/a LAURA ROSA KOCH,             )
                                   )
          Defendants.              )
                                   )

**ATTORNEYS:**

**Ellen G. Donovan, Esq.**
Law Office of Ellen G. Donovan
Christiansted, U.S.V.I.
    *For Jean Pierre Skov,*

**Lee J. Rohn**
Lee J. Rohn & Associates
St. Croix, U.S.V.I.
    *For Jennifer Skov and Karen Skov Gifford,*

**Asta S. Moore**
Sarasota, FL
    *Pro se,*

**Carlos Raymond Skov**
St. Croix, U.S.V.I.
    *Pro se,*

**Laura Rosa Kock a/k/a Laura Rosa Koch**
Suwannee, GA
    *Pro se.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of the Magistrate Judge recommending that the Court deny the motion of Jennifer Skov and Karen Skov Gifford to vacate the default entered against them.

I. **FACTUAL AND PROCEDURAL HISTORY**

On October 29, 2013, Jean Pierre Skov ("Jean Skov") filed a complaint in which he sought partition of certain real property (the "Property") described as follows:

> Plot No. 20, consisting of 0.861 U.S. Acres, more or less; Plot No. 26, consisting of 3.527 U.S. Acres, more or less; Plot No. 29, consisting of 2.530 U.S. Acres, more or less; of Estate Teagues Bay, East End Quarter "B" as more fully shown on OLG Drawing No. 4630 dated May 3, 1900, as revised on September 12, 1990;
>
> Plot No. 34, consisting of 1.8650 U.S. Acres, more or less of Estate Teagues Bay, East End Quarter "B", as more fully shown on OLG Drawing No. 5195, dated January 3, 2001 as revised January 18, 2001; and
>
> Remainder of Estate Teagues Bay, East End Quarter "B", consisting of approximately 11.217 U.S. Acres, more or less as more fully shown on OLG Drawing No. 5196 dated January 3, 2001 as revised on September 18, 2001 . . . [(collectively, the "Property")]."

ECF No. 1, at ¶ 8.

Jean Skov alleged that on September 19, 2001, James Peter Skov and Helen C. Skov executed a deed gift conveying the Property to Jean Skov, Jennifer Skov; Karen Skov Gifford ("Karen

Gifford"); Asta S. Moore ("Asta Moore"); Carlos Raymond Skov ("Carlos Skov"); and Laura Rosa Kock a/k/a Laura Rosa Koch ("Laura Koch") as tenants in common. The complaint named Jennifer Skov, Karen Gifford, Asta Moore, Carlos Skov, and Laura Koch as defendants and sought to partition the Property between them. Subsequently, Jean Skov filed amended complaints which alleged the citizenship of the defendants and substituted defendant Laura Koch with Laura Rosa Koch, Trustee of the Laura Rosa Koch Revocable Trust for Laura Koch. as a defendant ("Laura Koch, as trustee").

On November 1, 2013, Jean Skov served Karen Gifford with a summons and complaint. On November 13, 2013, Jean Skov served Jennifer Skov with a summons and complaint. Karen Gifford and Jennifer Skov did not answer the complaint or otherwise appear in this matter. On December 11, 2013, Jean Skov filed a motion for entry of default. On December 18, 2013, the Clerk of Court entered default against Jennifer Skov and Gifford.

On January 13, 2014, Jean Skov filed a motion for a partition. On September 18, 2014, the Court denied the motion for a partition without prejudice. The Court explained that

> the [first] motion for a partition and appointment of referees [wa]s premature. No discovery has taken place; no affidavits have been filed; no maps or surveys have been presented to the Court. The "requisite proofs" have not yet been made that would allow the Court to determine whether the

>       proper parties are before the Court or whether
>       partition versus sale is the appropriate remedy
>       in this case.

ECF No. 31 at 7-8 (quoting 28 V.I.C. § 458).

On September 28, 2015, Jean Skov filed a second motion for partition. On August 16, 2016, the Court denied the second motion for a partition without prejudice. The Court observed that there were "a number of procedural issues presented by th[at] motion." ECF No. 39 at 5. Specifically, the Court held that there was no evidence that Laura Koch had been served as, or waived service in the capacity as, Trustee of the Laura Koch Revocable Trust. In addition, there was no evidence in the record that the defaulted Jennifer Skov and Karen Gifford are competent adults. As such, judgment could not be entered against them.

On March 22, 2017, Jennifer Skov and Gifford moved to set aside the defaults entered against them. Jennifer Skov and Gifford explained that they failed to file an answer because "they believed the Court would contact them if they were required to do anything." ECF No. 48 at 3. Jennifer Skov and Gifford also asserted that "they and their father caused to have a letter sent to Jean Pierre Skov setting out their disagreement with the partition" and that "they believed he would file it with the Court." *Id.*

On July 19, 2017, the Magistrate Judge filed a Report and Recommendation recommending that the court deny the motion to set aside default. First, the Magistrate found that Jean Skov would not be prejudiced if Gifford and Jennifer Skov were allowed to file a late answer. Second, the Magistrate Judge found that Gifford and Jennifer Skov "do not raise defenses 'that, if established at trial, would constitute a complete defense to the action.'" ECF No. 61 at 6. (quoting *Dambach v. United States*, 211 Fed. App'x 105, 109(3d Cir. 2006)). Third, the Magistrate found that Gifford and Jennifer Skov's failure to file an answer was the result of culpable conduct. Weighing these three considerations, the Magistrate held that Gifford and Jennifer Skov "have not demonstrated that the default entered against them should be set aside." *Id.* at 7. Accordingly, the Magistrate recommended that the Court deny their motion to set aside the default.

On August 2, 2017, Gifford and Jenniver Skov filed a notice of objection to the Magistrate's Report and Recommendation.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)

("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

## III. ANALYSIS

Federal Rule of Civil Procedure 55 ("Rule 55") provides that a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether "good cause" exists, the Third Circuit has "instructed district courts to consider the following factors: '(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'" *Doe v. Hesketh*, 828 F.3d 159, 175 (3d Cir. 2016) (alterations omitted) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

Gifford and Jennifer Skov argue that the Magistrate erred in her consideration of the second factor--whether they raised a meritorious defense. Gifford and Jennifer Skov observe that the Magistrate "described the analysis [of the second factor] as 'less clear'" in the context of a partition action. ECF No. 65 at 3 (quoting ECF No. 61 at 4). As such, Gifford and Jennifer Skov argue, "this factor fell squarely into the category of 'doubtful cases' that the Third Circuit mandates should be resolved in favor of setting aside default judgment." *Id.* Significantly, Gifford and Jennifer Skov do not identify any defenses they may have to this partition action.

A court's analysis when considering whether to set aside a default, though "more lenient[]," is substantially the same as when considering whether to set aside a default judgment. *See Sourcecorp Inc. v. Croney*, 412 Fed. App'x 455, 459 (3d Cir. 2011) (explaining that the same "three factors should be considered whether a default or a default judgment is at issue, though they should be applied more leniently in the case of a default"). In the context of setting aside a default judgment, the Third Circuit has explained:

> [W]e consider the meritorious-defense factor the threshold issue in opening a default judgment. Defendants do not have the right to have a default judgment set aside automatically upon alleging a defense. Our standard is more stringent; it requires a defendant to set forth with some specificity the grounds for his defense. We then look at the substance of that defense to determine whether it is meritorious.

*Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. App'x 519, 522 (3d Cir. 2006) (citations and internal quotation marks omitted).

A defaulted defendant is deemed to admit to the well-pleaded factual allegations in the plaintiff's complaint. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). A default, however, only goes as far as establishing a defendant's liability. *See, e.g., Brock v. Unique Racquetball & Health*

*Clubs, Inc.,* 786 F.2d 61, 65 (2d Cir.1986) ("[D]efault concludes the liability phase of the trial."). Where damages flowing from liability are "for a sum certain or a sum that can be made certain by computation," Rule 55 instructs the clerk to "enter judgment for that amount and costs against a defendant who has been defaulted." Fed. R. Civ. P. 55(b)(1).

When damages are not for a sum certain, plaintiffs are "required to prove the amount of damages that should be awarded." *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 (8th Cir. 1993). In those cases, instead of relying on the allegations in the complaint, the Court must conduct some form of inquiry to ascertain the amount of damages. *See* Fed. R. Civ. P. 55(b) ("The court may conduct hearings ... when, to enter or effectuate judgment, it needs to ... determine the amount of damages . . . ."); *see also United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (explaining that a default judgment may be entered without an evidentiary hearing on damages so long as the amount of damages is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"). Further, defaulted defendants are not precluded from participating in the remedial phase of the proceeding. *See, e.g., Gowen, Inc. v. F/V Quality One*, 244 F.3d 64, 67 & n.2 (1st

Cir. 2001); *Cohen v. Gabriel Enters., Inc.*, 2011-cv-0059, 2013 U.S. Dist. LEXIS 39407, at *20-22 (D.V.I. Mar. 21, 2013).

An action in "partition is a matter of right . . . afforded to tenants in common in the Virgin Islands by statute." *Kean v. Dench*, 413 F.2d 1, 4 (3d Cir. 1969); *see also Tranberg v. Tranberg*, 456 F.2d 173, 175 (3d Cir. 1972) ("[I]n the Virgin Islands, an action in partition is not a privilege, but a right possessed by tenants in common.").Section 451, title 28, of the Virgin Islands Code ("Section 451") provides:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owners.

28 V.I.C. § 451.

An action in partition is commenced by a complaint that must plead "[t]he interest of all persons in the property" and "whether such persons are known or unknown." 28 V.I.C. § 452. A defendant's answer must then "set forth . . . the nature and extent of his interest in the property." 28 V.I.C. § 456.

> The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried, and determined in a partition action. Where a defendant

>fails to answer, or where a sale of the property is necessary, the title shall be ascertained by proof to the satisfaction of the court before the judgment for partition or sale is given.

28 V.I.C. § 457.

>If it is alleged in the complaint and established by evidence, or if it appears by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor. The court shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.

28 V.I.C. § 458.

As the Magistrate correctly observed, a defense to an action in partition is an attack on a plaintiff's ability to bring such an action or on the propriety of a sale of that property. *See* ECF No. 61 at 5 (citing *Bryan v. Bryan*, No. ST-14-CV-316, 2016 WL 1563891, at *7 (V.I. Super. Ct. Apr. 13, 2016)). Gifford and Jennifer Skov have not raised a defense to either. Indeed, they admit that Jean Skov is entitled to bring a partition action. They also admit that it may be necessary to sell the property. The Court agrees with the Magistrate's conclusion that Jennifer Skov and Gifford have failed to "raise defenses 'that, if established at trial, would constitute a

*Skov v. Skov, et al.*
Civil No. 2013-100
Order
Page 12

complete defense to the action.'" See ECF No. 61 at 6 (quoting *Dambach*, 211 Fed. App'x at 109).

With respect to the Magistrate's finding that the default here was the result of Gifford and Jennifer's culpable conduct, the Court concurs. Weighing the three factors, the Court further agrees that, in light of (1) Gifford and Jennifer Skov's culpable conduct; and (2) failure to raise a meritorious defense, the default should not be set aside.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge docketed at ECF Number 61 is **ADOPTED**; it is further

**ORDERED** that the motion to set aside default docketed at ECF Number 48 is **DENIED**; and it is further

**ORDERED** that the motion for an extension of time to file docketed at ECF Number 56 is **GRANTED** *nunc pro tunc* to June 9, 2017.

S\_____
**Curtis V. Gómez**
**District Judge**