DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JEAN PIERRE SKOV, | ) |
|       Plaintiff, | ) |
| v. | )   Civil No. 2013-100 |
| JENNIFER SKOV, KAREN SKOV, GIFFORD, ASTA S. MOORE, CARLOS RAYMOND SKOV, LAURA ROSA KOCK a/k/a LAURA ROSA KOCH, | ) |
|       Defendants. | ) |

**ATTORNEYS:**

**Ellen G. Donovan, Esq.**
Law Office of Ellen G. Donovan
Christiansted, U.S.V.I.
    *For Jean Pierre Skov,*

**Lee J. Rohn**
Lee J. Rohn & Associates
St. Croix, U.S.V.I.
    *For Jennifer Skov and Karen Skov Gifford,*

**Asta S. Moore**
Sarasota, FL
    *Pro se,*

**Robert A. Waldman**
Hamm and Barry
St. Croix, U.S.V.I.
    *For Carlos Raymond Skov and Laura Rosa Koch.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Jean Pierre Skov, which asks the Court to issue an order of partition and appoint referees.

### I. FACTUAL AND PROCEDURAL HISTORY

James Peter Skov ("James Skov") and Helen C. Skov ("Helen Skov") were previously the titleholders of certain real property located in St. Croix, U.S. Virgin Islands, and described as:

> Plot No. 20, consisting of 0.861 U.S. Acres, more or less;
> Plot No. 26, consisting of 3.527 U.S. Acres, more or less;
> Plot No. 29, consisting of 2.530 U.S. Acres, more or less;
> of Estate Teagues Bay, East End Quarter "B" as more fully shown on OLG Drawing No. 4630 dated May 3, 1900, as revised on September 12, 1990;
>
> Plot No. 34, consisting of 1.8650 U.S. Acres, more or less of Estate Teagues Bay, East End Quarter "B", as more fully shown on OLG Drawing No. 5195, dated January 3, 2001 as revised January 18, 2001; and
>
> Remainder of Estate Teagues Bay, East End Quarter "B", consisting of approximately 11.217 U.S. Acres, more or less as more fully shown on OLG Drawing No. 5196 dated January 3, 2001 as revised on September 18, 2001

ECF No. 37 , Exh. 1 at 1 (collectively, the "Property").

On September 19, 2001, James Skov and Helen Skov executed a deed gift (the "Skov Deed") conveying the Property to Jean Pierre Skov ("Jean Skov"); Jennifer Skov; Karen Skov Gifford ("Gifford"); Asta S. Moore ("Moore"); Carlos Raymond Skov ("Carlos Skov"); and Laura Rosa Koch ("Koch") as tenants in common. The Skov Deed apportioned the Property as follows: 1/10th to Jennifer Skov; 1/10th to Gifford; 1/5th to Moore; 1/5th to Jean Skov; 1/5th to Carlos Skov; and 1/5th to Koch. Koch subsequently conveyed her interest in the Property to Laura Rosa Koch, Trustee of the Laura Rosa Koch Revocable Trust (the "Koch Trust").

The Skov Deed reserved life estates in the Property for James Peter Skov and Helen Skov. On October 30, 2001, Helen Skov died. On July 30, 2011, James Skov died.

On October 29, 2013, Jean Skov filed a complaint in which he sought partition of the Property. The complaint named Jennifer Skov, Gifford, Moore, Carlos Skov, and Koch as defendants and sought to partition the Property between the defendants and Jean Skov. Subsequently, Jean Skov filed amended complaints which alleged the citizenship of the defendants and substituted defendant Koch with the Koch Trust.

Moore, Carlos Skov, and the Koch Trust all answered the complaint and admitted their interest in the Properties. Gifford

and Jennifer Skov did not answer the complaint or otherwise appear in this matter. On December 11, 2013, Jean Skov filed a motion for entry of default. On December 18, 2013, the Clerk of Court entered default against Jennifer Skov and Gifford.

On August 23, 2016, Carlos Skov died. Thereafter, Carlos Skov's estate was subjected to probate proceedings in the Superior Court of the Virgin Islands. Alda Ovesen was named as administrator of Carlos Skov's estate in the Superior Court probate proceedings. On January 10, 2018, Alda Ovesen, as administrator of Carlos Skov's estate ("Ovesen"), filed a motion to substitute herself for Carlos Skov in this action. On January 31, 2018, the Magistrate Judge granted Ovesen's motion to substitute.

Subsequently, in the Probate Action, the Superior Court found that Carlos Skov died intestate. The Superior Court distributed one-fourth of Carlos Skov's estate to Jean Skov and three-fourths of Carlos Skov's estate to Koch. Koch later transferred the property interests she acquired from Carlos Skov's estate to the Koch Trust.

On June 29, 2018, Ovesen moved to dismiss herself as a party in this action. The Court granted Ovesen's motion on December 12, 2018, and dismissed her from this action.

On April 18, 2018, Jean Skov filed a motion seeking an order of partition. Jean Skov asserted that, "[b]ecause of the size of the [P]ropert[y] . . ., it is feasible to divide [it] . . . among the parties, as opposed to selling [it]." *See* ECF No. 76 at 5. Jean Skov also asserted that his attorney had identified "three persons who have no relationship with [Jean Skov's attorney] or with any of the parties and are willing to serve as referees" in this matter. *See id.* The three individuals are:

> a) Britain H. Bryant, Esq, an attorney admitted to practice law in the Virgin Islands with over fifty years of experience in real estate matters on St. Croix;
> b) Helen (Honnie) Edwards, owner of Calabash Real Estate, a licensed real estate broker with over nineteen (19) years of experience in real estate matters on St. Croix; [and]
> c) Ronald W. Howard, a licensed real estate appraiser, with over fourteen (14) years of experience in real estate matters on St. Croix.

*Id.*

Gifford and Jennifer Skov objected to the referees proposed by Jean Skov. They assert that Britain H. Bryant's ("Bryant") law firm is "an insurance defense firm," "not a real estate firm" and that "[t]here is no evidence that [Bryant] has the expertise to partition property." ECF No. 77 at 2. With respect to Helen Edwards ("Edwards"), Gifford and Jennifer Skov assert that "[t]here is no evidence she has the expertise to divide

real estate in a fair and impartial manner." *Id.* Finally, Gifford and Jennifer Skov assert that it "is not apparent" whether Ronald W. Howard ("Howard") is a licensed appraiser or "what experience he has in dividing up farm land." *Id.* Gifford and Jennifer Skov did not suggest alternative referees.

## II. DISCUSSION

An action in "partition is a matter of right . . . afforded to tenants in common in the Virgin Islands by statute." *Kean v. Dench*, 413 F.2d 1, 4 (3d Cir. 1969); *see also Tranberg v. Tranberg*, 456 F.2d 173, 175 (3d Cir. 1972) ("[I]n the Virgin Islands, an action in partition is not a privilege, but a right possessed by tenants in common.").Section 451, title 28, of the Virgin Islands Code ("Section 451") provides:

> When several persons hold and are in possession of real property as tenants in common, in which one or more of them have an estate of inheritance, or for life or years, or when several persons hold as tenants in common a vested remainder or reversion in any real property, any one or more of them may maintain an action of an equitable nature for the partition of such real property according to the respective rights of the persons interested therein, and for a sale of such property, or a part of it, if it appears that a partition cannot be had without great prejudice to the owners.

28 V.I.C. § 451.

An action in partition is commenced by a complaint that must plead "[t]he interest of all persons in the property" and

"whether such persons are known or unknown." 28 V.I.C. § 452. A defendant's answer must then "set forth . . . the nature and extent of his interest in the property." 28 V.I.C. § 456.

> If it is alleged in the complaint and established by evidence, or if it appears by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor. The court shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.

28 V.I.C. § 458.

Here, the rights of the respective parties in the Property have been proven by both documentary evidence and the admissions of the various parties. The Court finds that the parties are entitled to the following shares of the Property: 1/10th to Jennifer Skov; 1/10th to Gifford; 1/5th to Moore; 1/4th to Jean Skov; and 7/20th to the Koch Trust.

The premises considered, it is hereby

**ORDERED** that the motion for partition and appointment of referees docketed at ECF Number 76 is **GRANTED** in part; and it is further

**ORDERED** that, no later than 3:00 P.M. on February 15, 2019, the parties shall, to the extent they wish to do so, recommend

individuals who may serve as referees in this partition action along with descriptions of the proposed referees' credentials.

                                        S_____
                                          **Curtis V. Gómez**
                                          **District Judge**