DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

JEAN PIERRE SKOV,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    Civil No. 2013-100
                                     )
                                     )
JENNIFER SKOV, KAREN SKOV,           )
GIFFORD, ASTA S. MOORE, CARLOS       )
RAYMOND SKOV, LAURA ROSA KOCK        )
a/k/a LAURA ROSA KOCH,               )
                                     )
            Defendants.              )
                                     )
_____)

**ATTORNEYS:**

**Ellen G. Donovan, Esq.**
Law Office of Ellen G. Donovan
Christiansted, U.S.V.I.
  *For Jean Pierre Skov,*

**Lee J. Rohn**
Lee J. Rohn & Associates
St. Croix, U.S.V.I.
  *For Jennifer Skov and Karen Skov Gifford,*

**Asta S. Moore**
Sarasota, FL
  *Pro se,*

**Mark W. Eckard, Esq.**
Hamm Eckard LLP
St. Croix, U.S.V.I.
  *For Laura Rosa Koch.*

**<u>ORDER</u>**

**GÓMEZ, J.**

Before the Court is the complaint of Jean Pierre Skov.

## I.     <u>FACTUAL AND PROCEDURAL HISTORY</u>

Jean Pierre Skov ("Jean Skov"); Jennifer Skov; Karen Skov Gifford ("Gifford"); Asta S. Moore ("Moore"); and Laura Rosa Koch, Trustee of the Laura Rosa Koch Revocable Trust (the "Koch Trust") are tenants in common who share title to certain real property located in St. Croix, U.S. Virgin Islands, and described as:

> Plot No. 20, consisting of 0.861 U.S. Acres, more or less;
> Plot No. 26, consisting of 3.527 U.S. Acres, more or less;
> Plot No. 29, consisting of 2.530 U.S. Acres, more or less;
> of Estate Teagues Bay, East End Quarter "B" as more fully shown on OLG Drawing No. 4630 dated May 3, 1900, as revised on September 12, 1990;
>
> Plot No. 34, consisting of 1.8650 U.S. Acres, more or less of Estate Teagues Bay, East End Quarter "B", as more fully shown on OLG Drawing No. 5195, dated January 3, 2001 as revised January 18, 2001; and
>
> Remainder of Estate Teagues Bay, East End Quarter "B", consisting of approximately 11.217 U.S. Acres, more or less as more fully shown on OLG Drawing No. 5196 dated January 3, 2001 as revised on September 18, 2001

ECF No. 37 , Exh. 1 at 1 (collectively, the "Property").

On October 29, 2013, Jean Skov filed a complaint in which he sought partition of the Property. On April 18, 2018, Jean

Skov filed a motion seeking an order of partition. Jean Skov also asserted that his attorney had identified "three persons who have no relationship with [Jean Skov's attorney] or with any of the parties and are willing to serve as referees" in this matter. *See id.* The three individuals are:

> a) Britain H. Bryant, Esq, an attorney admitted to practice law in the Virgin Islands with over fifty years of experience in real estate matters on St. Croix;
> b) Helen (Honnie) Edwards, owner of Calabash Real Estate, a licensed real estate broker with over nineteen (19) years of experience in real estate matters on St. Croix; [and]
> c) Ronald W. Howard, a licensed real estate appraiser, with over fourteen (14) years of experience in real estate matters on St. Croix.

ECF No. 76 at 5.

Gifford and Jennifer Skov objected to the referees proposed by Jean Skov. They asserted that Britain H. Bryant's ("Bryant") law firm is "an insurance defense firm," "not a real estate firm" and that "[t]here is no evidence that [Bryant] has the expertise to partition property." ECF No. 77 at 2. With respect to Helen Edwards ("Edwards"), Gifford and Jennifer Skov assert that "[t]here is no evidence she has the expertise to divide real estate in a fair and impartial manner." *Id.* Finally, Gifford and Jennifer Skov assert that it "is not apparent" whether Ronald W. Howard ("Howard") is a licensed appraiser or

"what experience he has in dividing up farm land." *Id.* Gifford and Jennifer Skov did not suggest alternative referees.

On February 1, 2019, the Court granted Jean Skov's motion for partition in part. The Court found that Jean Skov had demonstrated that he was entitled to a partition of the Property and made findings with respect to the parties' interest in the Property. Specifically, the Court found that the parties are entitled to the following shares of the Property: 1/10th to Jennifer Skov; 1/10th to Gifford; 1/5th to Moore; 1/4th to Jean Skov; and 7/20th to the Koch Trust.

The Court deferred on appointing referees in its February 1, 2019, order. Instead, the Court provided Gifford and Jennifer Skov an opportunity to "recommend individuals who may serve as referees in this partition action along with descriptions of the proposed referees' credentials." *See* ECF No. 90 at 7-8.

On March 12, 2019, Jennifer Skov and Gifford filed a document captioned "Notice of Filing Suggestions of Appointment of Referees." That document reads, in its entirety: "COMES NOW Jennifer Skov and Karen Skov Gifford, by and through undersigned counsel, and suggest that Attorney Glenda Cameron or Attorney Flavia Logie be appointed as referees." ECF No. 93.

## II. **DISCUSSION**

Title 28, Section 458, of the Virgin Islands Code provides:

> If it is alleged in the complaint and established by evidence, or if it appears by the evidence, without such allegation in the complaint, to the satisfaction of the court, that the property, or any part of it, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof, and for that purpose may appoint one or more referees. Otherwise, upon the requisite proofs being made, the court shall adjudge a partition according to the respective rights of the parties, as ascertained by the court, and appoint three referees therefor. The court shall designate the portion to remain undivided for the owners whose interests remain unknown or not ascertained.

28 V.I.C. § 458.

Title 28, Section 459, of the Virgin Islands Code elaborates on the role of the referees in a partition:

> In making the partition the referees shall divide the property and allot the several portions thereof to the respective parties, quality and quantity relatively considered, according to the respective rights of the parties as determined by the court, designating the several portions by proper landmarks, and may employ a surveyor with the necessary assistants to aid them therein. The referees shall make a report of their proceedings specifying therein the manner of executing their trust, describing the property divided and the shares allotted to each party, with a particular description of each share.

28 U.S.C. § 459.

The Court previously held that Jean Skov was entitled to a partition of the Property and determined "the respective rights

of the parties" in this action. *See* 28 U.S.C. § 458. The Court now considers to the appointment of referees. To that end, Jean Skov has submitted information about the experience and qualifications of his proposed referees. The same cannot be said of Jennifer Skov and Gifford. Indeed, the submission of Jennifer Skov and Gifford, which proposes Glenda Cameron and Flavia Logie as referees, is wanting, as the only reference to Glenda Cameron's or Flavia Logie's qualifications and experience is a reference to their title as "[a]ttorney[s]."

In light of the record before the Court, the Court finds that Britain H. Bryant, Esq; Helen Edwards; and Ronald W. Howard are qualified to serve as referees in this matter.

The premises considered, it is hereby

**ORDERED** that Britain H. Bryant, Esq; Helen Edwards; and Ronald W. Howard are appointed as referees in this matter; it is further

**ORDERED** that, in accordance with 28 V.I.C. § 459, the referees shall divide the Property between the parties in a manner that considers both the quality and quantity of the Property and provides 1/10th to Jennifer Skov; 1/10th to Karen Skov Gifford; 1/5th to Asta S. Moore; 1/4th to Jean Pierre Skov; and 7/20th to the Laura Rosa Koch, Trustee of the Laura Rosa Koch Revocable Trust; and it is further

**ORDERED** that, no later than September 3, 2019, the referees shall provide a report of their proceedings to the Court in accordance with 28 V.I.C. § 459.

                      **S\_____**
                      **Curtis V. Gómez**
                      **District Judge**